### UNITED STATES v. JAVIER.

Court of Appeals of District of Columbia. Submitted October 10, 1927.

Decided November 7, 1927.

No. 4543.

1. **Estoppel** ⬤⟐62(2)—**United States held not estopped from suing to set aside naturalization certificate by order of naturalization and appearance in naturalization proceeding (8 USCA §§ 399, 405).**

In suit under Act June 29, 1906, § 15 (8 USCA § 405), to set aside certificate of naturalization, United States is not estopped by an order of naturalization, although pursuant to section 11 (8 USCA § 399) it had entered its appearance in naturalization proceeding and there unsuccessfully raised same objection.

2. **Aliens** ⬤⟐61—**Filipino, not having served in Navy, Marine Corps, or Navy Auxiliary Service, held not entitled to naturalization; "free white person"; "African nativity or descent" (8 USCA § 359; Act June 29, 1906, § 4, subd. 7, as added by Act May 9, 1918, § 1 [8 USCA § 388 et seq.]).**

A native-born Filipino, not being "free white person," nor a person of "African nativity or descent," within Rev. St. § 2169 (8 USCA § 359), held not entitled to naturalization, where he had not served in United States Navy, Marine Corps, or Naval Auxiliary Service as provided in Act June 29, 1906, § 4, subd. 7, as added by Act May 9, 1918, § 1 (8 USCA § 388 et seq.)

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, White Person; Second Series, African Descent.]

Appeal from the Supreme Court of the District of Columbia.

Bill by the United States for cancellation of certificate of naturalization of Ambrosio Javier. Decree dismissing bill, and the United States appeals. Reversed and remanded for further proceedings.

Peyton Gordon, L. A. Rover, and Rebekah S. Greathouse, all of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District of Columbia dismissing appellant's bill for the cancellation of appellee's certificate of naturalization. No brief was filed in this court by the appellee, nor was there any appearance on his behalf, presumably because every question involved has been determined by the Supreme Court of the United States.

Javier is a native-born Filipino. He came to the United States in 1907, and on November 30, 1921, filed his declaration of intention to become a citizen of this country. On April 8, 1924, he filed his petition for naturalization in the Supreme Court of the District of Columbia. It does not appear that he had served in the United States Navy, Marine Corps, or Naval Auxiliary Service, as provided in the seventh subdivision of section 4 of the Act of June 29, 1906, 34 Stat. 596, as amended by the Act of May 9, 1918, § 1, 40 Stat. 542 (8 USCA § 388 et seq.).

At the hearing on the petition for naturalization a representative of the government, from the Bureau of Naturalization, appeared and objected to the granting of the petition on the ground that Javier was not a free white person, nor a person of African nativity or descent, as provided by section 2169 of the Revised Statutes (8 USCA § 359); but the court, on December 4, 1924, issued the certificate of naturalization. On February 27, 1925, the United States filed in the court below the petition now before us, for the cancellation of the certificate on the ground that it was illegally issued; Javier not being a free white person nor a person of African nativity or descent. See section 15 of the Act of June 29, 1906, 34 Stat. 601 (8 USCA § 405).

[1, 2] It has been determined that, in a suit under section 15 of the act of 1906, to set aside a certificate issued in disregard of an essential requirement of the statute, the United States is not estopped by an order of naturalization, although pursuant to section 11 of the same act (8 USCA § 399) it had entered its appearance in the naturalization proceeding and there unsuccessfully raised the same objection. Johannessen v. United States, 225 U. S. 227, 32 S. Ct. 613, 56 L. Ed. 1066; United States v. Ginsberg, 243 U. S. 472, 37 S. Ct. 422, 61 L. Ed. 853; United States v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321.

In Toyota v. United States, 268 U. S. 402, 45 S. Ct. 563, 69 L. Ed. 1016, it was held that prior to the act of 1906, to which reference has been made, citizens of the Philippine Islands were not eligible to naturalization under section 2169 of the Revised Statutes, because not aliens, and therefore not within its terms; that section 30 of the act of 1906 (8 USCA § 360), extending the naturalization laws, with modifications, to "persons not citizens who owe permanent allegiance to the United States, and who may become residents of any state or organized territory of the United States," did not affect the distinction based on race or color in section 2169; that prior to the act of 1918, already referred to, Filipinos, not being "free white persons" or "of African nativity," were not eligible to citizenship of the United States, but an effect of that act was to authorize the naturalization of native-born Filipinos, of whatever race or color, having the qualifications specified in section 4 of the seventh subdivision, to which reference has been made.

It is clear, therefore, that Javier, not having the qualifications specified in section 4, was not entitled to naturalization; that his certificate was illegally obtained and should have been canceled.

The decree is reversed, and cause remanded for further proceedings.

Reversed and remanded.