## ROQUE ESPIRITU DE LA YSLA v. UNITED STATES.

### No. 7642.

Circuit Court of Appeals, Ninth Circuit.
May 20, 1935.

———◆———

Roque Espiritu De La Ysla, of Los Angeles, Cal., in pro. per.

Peirson M. Hall, U. S. Atty., and Ernest R. Utley, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This is an appeal from an order denying appellant's petition for naturalization. The facts are not in dispute. Appellant was born in Manila on August 16, 1902, is of the Filipino race, is a citizen of the Philippine Islands, and has not served in the United States Navy or Marine Corps or the Naval Auxiliary Service. The District Court, for these reasons, held him not eligible for naturalization. The correctness of that holding is challenged by this appeal.

The Treaty of Paris, December 10, 1898, 30 Stat. 1754, 1759, whereby Spain ceded the Philippine Islands to the United States, provided in article 9:

"Spanish subjects, natives of the Peninsula, residing in the territory over which Spain by the present treaty relinquishes or cedes her sovereignty, may remain in such territory or may remove therefrom, retaining in either event all their rights of property, including the right to sell or dispose of such property or of its proceeds; and they shall also have the right to carry on their industry, commerce and professions, being subject in respect thereof to such laws as are applicable to other foreigners. In case they remain in the territory they may preserve their allegiance to the Crown of Spain by making, before a court of record, within a year from the date of the exchange of ratifications of this treaty, a declaration of their decision to preserve such allegiance; in default of which declaration they shall be held to have renounced it and to have adopted the nationality of the territory in which they may reside.

"The civil rights and political status of the native inhabitants of the territories hereby ceded to the United States shall be determined by the Congress."

By section 4 of the Act of July 1, 1902, c. 1369, 32 Stat. 692, it was provided: "That all inhabitants of the Philippine Islands continuing to reside therein who were Spanish subjects on the eleventh day of April, eighteen hundred and ninety-nine, and then resided in said Islands, and their children born subsequent thereto, shall be deemed and held to be citizens of the Philippine Islands and as such entitled to the protection of the United States, except such as shall have elected to preserve their allegiance to the Crown of Spain in accordance with the provisions of the treaty of peace between the United States and Spain signed at Paris December tenth, eighteen hundred and ninety-eight."

The Act of March 23, 1912, c. 65, 37 Stat. 77, amended this section by adding thereto the proviso: "That the Philippine Legislature is hereby authorized to provide by law for the acquisition of Philippine citizenship by those natives of the Philippine Islands who do not come within the foregoing provisions, the natives of other insular possessions of the United States, and such other persons residing in the Philippine Islands who could become citizens of the United States under the laws of the United States if residing therein."

As thus amended, this section, with unimportant changes, was re-enacted as section 2 of the Act of August 29, 1916, c. 416, 39 Stat. 546, 48 U. S. C. § 1002 (48 USCA § 1002). Under the authority thus granted by Congress, the Philippine Legis-

lature, on March 26, 1920, enacted what is known as the Philippine Naturalization Law (Act No. 2927), which provided for the acquisition of Philippine citizenship by natives of the Philippines who were not already citizens thereof. Go Julian v. Government, 45 Phil. 289, 295. Whether appellant was a Philippine citizen by birth, under the Act of July 1, 1902, or whether he acquired such citizenship pursuant to the Acts of March 23, 1912, and August 29, 1916, and the Philippine legislation of March 26, 1920, does not appear from the record; but it does appear, and is undisputed, that he is a citizen of the Philippine Islands.

■ Citizens of the Philippine Islands are not aliens. They owe no allegiance to any foreign government, but do owe allegiance to the United States. Toyota v. United States, 268 U. S. 402, 410-412, 45 S. Ct. 563, 69 L. Ed. 1016. Prior to June 29, 1906, no Philippine citizen could become a citizen of the United States, because, under the then existing Naturalization Law (Rev. St. § 2169, 8 U. S. C. § 359 [8 USCA § 359]), the right of naturalization was limited to "aliens being free white persons, and to aliens of African nativity and to persons of African descent." Not being an alien, a Philippine citizen, regardless of his race or color, could not be naturalized. Toyota v. United States, supra. By section 30 of the Act of June 29, 1906, c. 3592, 34 Stat. 606, 8 U. S. C. § 360 (8 USCA § 360), it was provided that: "All the applicable provisions of the naturalization laws of the United States shall apply to and be held to authorize the admission to citizenship of all persons not citizens who owe permanent allegiance to the United States, and who may become residents of any State or organized Territory of the United States, with the following modifications: The applicant shall not be required to renounce allegiance to any foreign sovereignty; he shall make his declaration of intention to become a citizen of the United States at least two years prior to his admission; and residence within the jurisdiction of the United States, owing such permanent allegiance, shall be regarded as residence within the United States within the meaning of the five years' residence clause of the existing law."

By that act, section 2169 of the Revised Statutes was not repealed, but was so modified that, as to the class made eligible by section 30, the requirement of alienage was abolished. The limitation based on race and color remained as before, and Filipinos, not being free white persons or persons of African nativity or descent, were still not eligible for naturalization. Toyota v. United States, supra. By the Act of May 9, 1918, c. 69, 40 Stat. 542, 8 U. S. C. § 388 (8 USCA § 388), section 4 of the Act of June 29, 1906, was amended by adding thereto a seventh subdivision reading in part, as follows: "Any native-born Filipino of the age of twenty-one years and upward who has declared his intention to become a citizen of the United States and who has enlisted or may [hereafter] enlist in the United States Navy or Marine Corps or the Naval Auxiliary Service, and who, after service of not less than three years, may be honorably discharged therefrom, or who may receive an ordinary discharge with recommendation for reenlistment * * * may, on presentation of the required declaration of intention petition for naturalization without proof of the required five years' residence within the United States if upon examination by the representative of the Bureau of Naturalization, in accordance with the requirements of this subdivision [sections 388 to 390, and 392 to 394 of this title], it is shown that such residence can not be established. * * *"

■ The effect of this amendment was to make eligible and to authorize the naturalization of native-born Filipinos, of whatever color or race, having the qualifications specified in the seventh subdivision of section 4, but as to those not possessing such qualifications, the distinction based on color and race was not eliminated. Toyota v. United States, supra. It is conceded that appellant does not possess the qualifications mentioned in the seventh subdivision of section 4; that is to say, he has not enlisted or served in the United States Navy or Marine Corps or the Naval Auxiliary Service. Clearly, therefore, he is not eligible for naturalization. United States v. Javier, 57 App. D. C. 303, 22 F.(2d) 879.

Order affirmed.