# UNITED STATES *v.* GINSBERG.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 401. Argued March 15, 1917.—Decided April 9, 1917.

When several questions are certified under Jud. Code, § 239, and answers to part will dispose of the case, answers to the rest may be omitted.

Section 9 of the Naturalization Act, c. 3592, 34 Stat. 596, requires that final hearings upon petitions for naturalization shall be held entirely in open court; a hearing in the judge's chambers adjoining the court room does not satisfy this requirement.

Under § 15 of the act a certificate of citizenship granted by the court or judge on a state of facts showing the petitioner not qualified for citizenship, is subject to be annulled in an independent suit by the United States.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Wallace* for the United States.

No appearance for Ginsberg.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Four questions have been certified (Judicial Code, § 239); but considering the accompanying statement of facts and our views in respect of the law, answers to the first and fourth will enable the Circuit Court of Appeals properly to determine the issues involved. *United States* v. *Britton,* 108 U. S. 199, 207.

Question "1—Is the final hearing of a petition for naturalization had in open court as required by sec. 9

of the act of June 29, 1906, c. 3592, if after the petition is first presented in open court the hearing thereof is passed to and finally held in the chambers of the judge adjoining the court room, on a subsequent day and at an earlier hour than that to which the court has been regularly adjourned?"

Question "4—May a certificate of citizenship be set aside and canceled in an independent suit brought under section 15 of the act of June 29, 1906, c. 3592, on the ground that it was illegally procured if the uncontradicted evidence at the hearing of the petition showed indisputably that the petitioner was not qualified by residence for citizenship and that the court or judge who heard the petition and ordered the certificate misapplied the law and the facts?"

Prior to 1906 "The Uniform Rule of Naturalization" authorized by the Constitution was found in the Act of 1802 and a few amendments thereto. This enumerated only general controlling principles. Grievous abuses having arisen, Congress undertook by the Act of June 29, 1906, c. 3592, 34 Stat. 596, to prescribe "and fix a uniform system and a code of procedure in naturalization matters." Report Committee on Immigration and Naturalization, H. R. 1789, Feb. 26, 1906. This specifies with circumstantiality the manner ("and not otherwise") in which an alien may be admitted to become a citizen of the United States; what his preliminary declaration shall be; form and contents of his sworn petition to the court and witnesses by which it must be verified; form of oath to be taken in open court; necessary proof concerning residence, character, etc. The clerk is required to post notice of the petition with details concerning applicant, when final hearing will take place, names of witnesses by which alleged facts are to be established, etc. And it is further provided:

Section 9.  "That every final hearing upon such petition

shall be had in open court before a judge or judges thereof, and every final order which may be made upon such petition shall be under the hand of the court and entered in full upon a record kept for that purpose, and upon such final hearing of such petition the applicant and witnesses shall be examined under oath before the court and in the presence of the court."

Section 15. "That it shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured. In any such proceedings the party holding the certificate of citizenship alleged to have been fraudulently or illegally procured shall have sixty days personal notice in which to make answer to the petition of the United States; and if the holder of such certificate be absent from the United States or from the district in which he last had his residence, such notice shall be given by publication in the manner provided for the service of summons by publication or upon absentees by the laws of the State or the place where such suit is brought."

\*  \*  \*  \*  \*  \*  \*  \*

In *Johannessen* v. *United States,* 225 U. S. 227, we discussed the purpose and effect of the act.

An alien who seeks political rights as a member of this Nation can rightfully obtain them only upon terms and conditions specified by Congress. Courts are without authority to sanction changes or modifications; their duty is rigidly to enforce the legislative will in respect of a matter so vital to the public welfare.

Section 9 requires a final hearing upon the petition in

*open court.* The term open court is used in contradistinction to a judge sitting in chambers. Bouvier's Law Dictionary. The whole statute indicates a studied purpose to prevent well known abuses by means of publicity throughout the entire proceedings. Its plain language repels the idea that any part of a final hearing may take place in chambers, whether adjoining the court room or elsewhere.

No alien has the slightest right to naturalization unless all statutory requirements are complied with; and every certificate of citizenship must be treated as granted upon condition that the Government may challenge it as provided in § 15 and demand its cancellation unless issued in accordance with such requirements. If procured when prescribed qualifications have no existence in fact it is illegally procured; a manifest mistake by the judge cannot supply these nor render their existence non-essential.

Question numbered one must be answered in the negative; numbered four in the affirmative.

*And it is so ordered.*