UNITED STATES v. GINSBERG. (Circuit Court of Appeals, Eighth Circuit. December 29, 1917.) No. 4363. Appeal from the District Court of the United States for the Western District of Missouri. Suit by the United States

of ... against Solomon Louis Ginsberg to cancel a certificate of citizenship ... in a decree dismissing the petition (244 Fed. 209), petitioner appeals. Decree ... versed, and cause remanded, with directions in accordance with the opinion of the Supreme Court (243 U. S. 472, 37 Sup. Ct. 422, 61 L. Ed. 853), answering questions certified to that tribunal. William G. Lynch, Asst. U. S. Atty., of Kansas City, Mo. (Francis M. Wilson, U. S. Atty., of Kansas City, Mo., on the brief), for the United States. George N. Elliott, of Kansas City, Mo., for appellee. Before HOOK, Circuit Judge, and ELLIOTT and YOUMANS, District Judges.

HOOK, Circuit Judge. This is a suit by the United States to cancel a certificate of citizenship issued to Solomon Louis Ginsberg, a native of Russia, on the ground that it was illegally procured. It was brought under the provisions of section 15 of the Act of June 29, 1906, c. 3592, 34 Stat. 601 (Comp. St. 1916, § 4374). It was charged that the hearing of the petition for naturalization was not in open court as required by the act of Congress but was in the chambers of the judge; also that the undisputed facts disclosed at the hearing showed that Ginsberg was not entitled to citizenship. The court below held that the error in issuing the certificate, if any, was one of law which could not be reviewed by independent suit. It accordingly dismissed the petition of the government. Upon appeal here this court certified to the Supreme Court of the United States the substantial questions involved, and sufficient of them were answered to determine conclusively, first, that the hearing of the petition for naturalization was not in open court; and, second, that if, at such hearing, the judge misapplied the law to facts showing the petitioner was not entitled to citizenship, the certificate issued was illegally procured and could be canceled in an independent suit by the government. 243 U. S. 472, 37 Sup. Ct. 422, 61 L. Ed. 853. The decree of the court below is reversed, and the cause is remanded for further proceedings in accordance with the opinions of the Supreme Court and this court.