## UNITED STATES v. STRANACK.

(District Court, W. D. Washington, N. D. February 18, 1925.)

### No. 389.

Aliens &58;68, 71½—Certificate of arrival essential to valid naturalization.

The filing with a petition for naturalization of the certificate from the Department of Commerce and labor, stating the date, place, and manner of petitioner's arrival in the United States, required by Naturalization Act June 29, 1906, § 4, as amended by Act June 25, 1910, § 3 (Comp. St. § 4352), is an essential prerequisite to a valid naturalization, and a certificate of citizenship granted without it is subject to cancellation, under section 15, Act June 29, 1906 (Comp. St. § 4374).

In Equity. Suit by the United States against Stewart James Fulcher Stranack, for cancellation of certificate of citizenship. Decree for the United States.

The United States prays cancellation, revocation, and annullment of certificate of citizenship issued on the 9th day of July, 1921, to the defendant, on the ground that it was fraudulently obtained, in this: That he did not reside in the United States for five years immediately prior to his admission; that within five years prior to the said issuance the defendant resided in Vancouver, B. C., in the Dominion of Canada; that the defendant is a native of Great Britain; that the defendant did not file with said petition for naturalization, nor at any subsequent time, a certificate of arrival from the Department of Commerce and Labor, as required by the Act of June 29, 1906, § 4, amended by Act June 25, 1910, § 3 (Comp. St. § 4352).

The testimony discloses that the defendant, on filing petition for naturalization, stated that he came to the United States in 1891 and to the state of Washington in 1901; that he resided continuously in the United States for five years immediately preceding the date of his naturalization and in the state of Washington for one year; that he was formerly a British subject. The testimony further discloses that in 1909 the defendant left the United States for Canada, where he resided until 1914, except a short period in

Alaska. He arrived in the United States from Canada in 1914. About 1920 he married a widow lady, a citizen of the United States and a resident of Seattle, Wash., and owner of a home in said city. The defendant, prior to his marriage, had rooms in the Antlers Hotel, Seattle, and during said last-named period made business trips to Canada. In May, 1922, together with his wife, he went to Canada on professional business, intending shortly to return. The business developed a large clientéle and he took apartments in Vancouver, where he and his wife are keeping house, and where they have continuously lived since said time. They have made occasional brief visits to Seattle. The home of the wife has been rented to other parties. The defendant, in his statements in open court, claimed it had always been his intention to return to the United States, but was unable to state when he would return, apparently depending on the course of professional activities. On entering the United States in 1914, the defendant did not obtain a certificate of arrival. None is filed with the petition for naturalization.

Donald G. Graham, Asst. U. S. Atty., of Seattle, Wash.

A. H. Wiseman, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). Act June 29, 1906, §: 15 (section 4374, Comp. St.), authorizes this proceeding. U. S. v. Ginsberg, 243 U. S.. 472, 37 S. Ct. 422, 61 L. Ed. 853. The court,. in this case, at page 474 (37 S. Ct. 425) said:: "An alien who seeks political rights as a. member of this nation can rightfully obtain. them only upon terms and conditions specified by Congress. Courts are without authority to sanction changes or modifications. Their duty is rigidly to enforce the legislative will in respect of a matter so vital to the public welfare."

Again at page 475 (37 S. Ct. 425): "No. alien has the slightest right to naturalization. unless all statutory requirements are complied with; and every certificate of citizenship must be treated as granted upon condition that the government may challenge it as provided in Sec. 15 and demand its cancellation unless issued in accordance with such requirements."

The Supreme Court, in U. S. v. Ness, 245. U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321, held that the filing of a certificate of arrival as provided in section 4, subd. 2, of the Naturalization Act, is an essential prerequisite to

a valid order of naturalization. The defendant, on filing petition for naturalization, was required to file therewith his certificate of arrival in 1914, as provided by section 4 of the act, supra, and his failure to do so nullifies the certificate of naturalization. The statement in the petition of arrival in 1901, prior to the requisites of the 1906 act, operates as a fraud upon the United States, whether intentionally committed or otherwise, and an order may be presented in harmony with the prayer of the plaintiff. No lapse of time could ripen into a right. Ex parte Mac Fock (D. C.) 207 F. 696.