## In re ATTYAH.

(District Court, S. D. Georgia. February 4, 1926.)

No. 103.

1. Aliens ☞61—Woman, seeking naturalization as wife of naturalized citizen, must aver that husband was naturalized when her petition was filed (Act Sept. 22, 1922, § 2 [Comp St. Supp. 1925, § 4358b]; Act June 29, 1906, § 4, as amended [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352]).

In order to avail herself of the provisions of Act Sept. 22, 1922, § 2 (Comp. St. Supp. 1925, § 4358b), the petition for naturalization of a woman who married an alien must show that at the time it was filed her husband had been naturalized, and it is not sufficient that he was naturalized thereafter, but before the hearing on her petition, in view of Act June 29, 1906, § 4, as amended (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352).

2. Aliens ☞68(1).

The action of the court in admitting an alien to citizenship is judicial.

Petition of Rosa Nassar Attyah to be admitted as a citizen of the United States. Dismissed without prejudice.

BARRETT, District Judge. Mitchel Attyah, on June 3, 1925, filed his petition in due form for naturalization. On the same day his wife, Rosa Nassar Attyah, filed her petition for naturalization. From her petition it appeared that she was born in Syria on July 15, 1901, was married to Mitchel Attyah, and that she arrived in the United States July 26, 1920. There is no allegation in her said petition that her husband is a citizen of the United States, nor is there any claim of citizenship herself prior to her marriage to her husband. The husband has been finally naturalized and admitted as a citizen of the United States. The wife claims that by reason of her marriage to an alien thus naturalized she is entitled to be naturalized

under the provisions of the Act of September 22, 1922.

[1] The pertinent section of the Act of September 22, 1922, is as follows:

"Sec. 2. That any woman who marries a citizen of the United States after the passage of this act, or any woman whose husband is naturalized after the passage of this act, shall not become a citizen of the United States by reason of such marriage or naturalization; but, if eligible to citizenship, she may be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions:

"(a) No declaration of intention shall be required;

"(b) In lieu of the five-years period of residence within the United States and the one-year period of residence within the State or Territory where the naturalization court is held, she shall have resided continuously in the United States, Hawaii, Alaska, or Porto Rico for at least one year immediately preceding the filing of the petition." Comp. St. Supp. 1925, § 4358b.

There is no contention as to the right of petitioner, Rosa Nassar Attyah, to now apply for naturalization. The sole question is: Does the petition filed by her at a time when her husband had not been naturalized, and was not a citizen of the United States, enable her to be admitted under the provisions of the foregoing Act of September 22, 1922? "No alien has the slightest right to naturalization unless all statutory requirements are complied with." United States v. Ginsberg, 243 U. S. 475, 37 S. Ct. 425, 61 L. Ed. 853. How strictly this proposition is enforced is evidenced by the determination in the Ginsberg Case that the requirement that the final hearing upon the petition shall be in open court was mandatory, and an order granted at chambers could be canceled upon application.

[2] The action of the court in admitting an alien to naturalization is judicial. "The various acts upon the subject [immigration] submit the decision on the right of aliens to admission as citizens to courts of record. They are to receive testimony, to compare it with the law, and to judge on both law and fact. This judgment is entered on record as the judgment of the court. It seems to us, if it be in legal form, to close all inquiry; and, like every other judgment, to be complete evidence of its own validity." Chief Justice Marshall, in Spratt v. Spratt, 29 U. S. (4 Pet.) 393, 407 (7 L. Ed. 897). See, also, In re Bodek (C. C.) 63 F. 813.

Under the existing naturalization statute, by section 4 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352) it is provided that "an alien may be admitted to become a citizen of the United States in the following manner and *not otherwise*" (italics mine). He who seeks the judicial determination of alleged rights must set up in his petition such facts as at that time justify the claim. It will be observed that the Act of September 22, 1922, applies to any woman who "marries a citizen of the United States after the passage of this act," as well as to "any woman whose husband is naturalized after the passage of this act." The contention in this case is no better founded than would be the application of a single woman claiming the right to naturalization, who *subsequent* to the filing of her petition married a citizen of the United States and would then claim freedom from declaration of intention and the period of residence usually required. The marriage of an alien woman to a citizen of this country, or the naturalization of her formerly alien husband, must have been an accomplished fact at the date of the filing of the petition of the wife for naturalization, in order to avail of the Act of September 22, 1922.

The Act of September 22, 1922, provides that "she may be naturalized upon full and complete compliance with all the requirements of the naturalization laws, with the following exceptions." Among such requirements is the filing of the petition in writing. In this petition shall appear "every fact material to his naturalization and required to be proved upon the final hearing of his application." In order to avail of the Act of September 22, 1922, it must appear that she was married to a man who *had been* naturalized.

The petition will therefore be dismissed, without any deprivation, however, of the right of the petitioner to file her petition, in which can be alleged her marriage to a man who has already been naturalized.