### Petition of THOMPSON.

(District Court, S. D. California, S. D. March 17, 1927.)

Aliens ⊜⪔68(5)—Year's residence immediately preceding petition for naturalization of wife of citizen may not be proved by depositions (Comp. St. §§ 4358b, 4369).

Under Act Sept. 22, 1922, § 2 (Comp. St. § 4358b), providing that a woman thereafter marrying a citizen, if eligible, may be naturalized upon full compliance with all requirements of the naturalization laws except that no declaration of intention shall be required, and that in lieu of the five-year period of residence within the United States and the one-year period of residence within the state it shall be enough that she resided continuously preceding the filing of petition, held such year's residence may not be proved by depositions; Act June 29, 1906, § 10 (Comp. St. § 4369), specifically requiring that the final year of residence before naturalization must be proved by two witnesses, and that depositions may not be used.

Petition of Jean Thompson for naturalization. Petition dismissed.

Homer B. Terrill, of Los Angeles, Cal., for the United States.

HENNING, District Judge. This applicant filed petition for naturalization No. 18328 on November 18, 1926, under provisions of Act Sept. 22, 1922. Her petition recites that she was born in Edinburgh, Scotland, arrived in the United States on September 3, 1923, and has since continuously resided therein, and that she has resided con-

tinuously in the state of California since September 8, 1923. She was married April 25, 1926, to Leon S. Thompson, a citizen of the United States born at San Francisco, Cal.

The verifying witnesses to her petition made affidavits, and subsequently, at the preliminary hearing, testified to her residence and good character since only April 25, 1926; the petitioner relying upon depositions which have been obtained to prove her prior residence in the state of California from at least November 17, 1925, to April 24, 1926, thereby completing proof of one year's residence immediately preceding date of filing her petition for naturalization. The Act of September 22, 1922, requires proof of residence for only the one year immediately preceding the date of the petition. Section 10 of the Act of June 29, 1906 (Comp. St. § 4369), provides for the taking of depositions to prove residence outside of the state in which application for naturalization is made during the four years antedating the one year immediately preceding the date of the petition.

The sole question here involved is: May the petitioner prove a portion of the one year of residence required by section 2 of the Act of September 22, 1922 (Comp. St. § 4358b) by depositions, or must she furnish proof by witnesses, present at the hearing, that she has resided continuously in the United States or its possessions for at least one year immediately preceding the filing of the petition. Subdivision (b) of section 2 of the Act of September 22, 1922, reads as follows: "In lieu of the five-year period of residence within the United States and the one-year period of residence within the state or territory where the naturalization court is held, she shall have resided continuously in the United States, Hawaii, Alaska, or Porto Rico for at least one year immediately preceding the filing of the petition." The act further provides that an alien situated as is the petitioner may be naturalized upon *full compliance with all requirements of the naturalization laws,* with the exception of the requirement of a declaration of intention and five years' residence. It says nothing as to the manner of proof by which the one year's residence shall be established.

Clearly petitioner must comply with all the requirements of the Naturalization Law (Act June 29, 1906), with the exceptions noted. That act specifically requires that the final year of residence before naturalization must be proven by two witnesses and that depositions may not be used. The use of depositions in naturalization hearings has not been favored. It is more likely that a petitioner would reside in the state in which he applies for naturalization during the last year than during the four years preceding. The use of depositions was authorized for the benefit of those who had moved about. The Congress, however, specifically requires that the one year immediately preceding application must be proven by witnesses present at the hearing.

In the leading case of United States v. Ginsberg, 243 U. S. 475, 37 S. Ct. 422, 425, 61 L. Ed. 853, the Supreme Court said: "No alien has the slightest right to naturalization unless all statutory requirements are complied with"—and defines the duty of a court of naturalization "rigidly to enforce the legislative will in respect of a matter so vital to the public welfare." Naturalization is not a natural right, but a privilege conferred by statutes which prescribe the conditions to be met. Doubts should not be construed in favor of the petitioner.

It has been held that the one year's residence required by section 2166, Revised Statutes, may be proved by depositions. In re McNabb (D. C.) 175 F. 511. That section was not repealed by the Act of June 29, 1906. It is a special section for the benefit of aliens who rendered certain military or naval services. The Act of September 22, 1922, specifically provides that a woman situated as is this petitioner shall comply fully with the other requirements of the naturalization laws.

It is my opinion that the petitioner in this case may not prove the one year residence prior to her application by the use of depositions, and I so hold. The petition is dismissed.