**UNITED STATES v. BIALOGLOWSKI.**

No. 914.

District Court, S. D. California, C. D.

Dec. 20, 1937.

Carl Eardley, Asst. U. S. Atty., of Los Angeles, Cal., for complainant.

Samuel DeGroot, of Los Angeles, Cal., for respondent.

McCORMICK, District Judge.

The government seeks cancellation of the naturalization cerificate of Jacob Bialoglowski.

The proceeding is instituted by the United States Attorney under section 405 of Title 8, U.S.C.A. which in its applicable part is as follows:

"It shall be the duty of the United States district attorneys for the respective districts, or the Commissioner or Deputy Commissioner of Naturalization, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured."

It thus appears that there are but two grounds which justify setting aside and canceling a certificate of citizenship: (1) Fraud, and (2) illegal procurement.

There is not and cannot be any contention under the record here that any fraud has been shown, either by the respondent or by any governmental agent or authority. Therefore the sole question for decision is whether the evidence preponderates to justify a finding that the certificate of citizenship of Bialoglowski was "illegally procured." We think it does not.

The term "illegally procured" connotes affirmative, willful misconduct on the part of the holder of a certificate of citizenship or those acting for him, to impose on the court or to induce the governmental agents to act in a manner not authorized by law. U. S. v. Richmond, 3 Cir., 17 F.2d 28; U. S. v. Lenore, D.C.N.D., 207 F. 865. There is no substantial evidence that Bialoglowski or

any one acting for him, by willful misrepresentation, concealment, or in any other way imposed upon the court which granted his certificate of citizenship or induced the governmental agents to act as they did act in relation to his petition for citizenship. The sole act of respondent in his dealings with the agents of the government which under any view could be considered as questionable is his signing and verifying the declaration of intention which contained the statement:

"My lawful entry for permanent residence in the United States was at New York, New York, under the name of Jakob Bialoglowski, on August 13, 1928, on the vessel S. S. Deutschland."

The only matter of doubtful verity in this statement is that the entry was made "for permanent residence." The entry was admittedly lawful and was undeniably made at the time, port, and ship mentioned. The doubt arises because in the application for a nonquota immigration visa signed and verified by Bialoglowski before the American consul at Warsaw, Poland, there is a statement that, "My purpose in going to the United States is temporary resid., and I intend to remain five years," and that he claimed to be a nonquota student immigrant under section 4, subdivision (e) of the Immigration Act of 1924, 8 U.S.C.A. § 204(e). The evidence showed that Bialoglowski at the time was unfamiliar with English, in fact unfamiliar with English to the extent that he had been twice previously refused a visa because of language requirements. The damaging statements were given through an interpreter, are typewritten, and were recorded by the consular office. The record shows further that Bialoglowski did not inspect the application for visa or the visa itself after issuance, as the documents were placed by the American consul in a sealed envelope and in this shape handed to the respondent. He delivered them intact to the immigration authorities upon arrival at New York. They were inspected and retained by the officers, and without further information Bialoglowski was given an immigration card, whereupon he proceeded to Oakland, Cal., and entered the University of California as a foreign student in agriculture. He was unable to pass the entrance examinations because of his failure to make the English language requirements, but was allowed to enter conditionally upon later qualifying himself in English. He did so, and earned a bachelor's degree in Science, and later a Ph.D. in Agriculture. He is now

employed by the state of California in research work at the University of California at Los Angeles. There is no evidence that at any time Bialoglowski had any knowledge of the character of his entry or admission into the United States until subsequent to the issuance to him of his certificate of citizenship.

While a student at the University, Bialoglowski was told that having an immigration card he was eligible to petition for naturalization, and upon inquiry at the office of the clerk of the Superior Court of Alameda County, Cal., as to his status and right to naturalization, he was informed by an official in said clerk's office that if he could obtain a certificate of arrival, he would be qualified to file his declaration of intention to become a citizen. He made application regularly, and the Department of Labor, pursuant thereto, forwarded from Washington, D. C., a certificate of arrival as follows:

"No. 22 790
"Certificate of Arrival

"I hereby certify that the immigration records of the Department of Labor show that the alien named below arrived at the port, on the date and in the manner shown, and was lawfully admitted to the United States of America for permanent residence:

Port of Entry: New York, N. Y.
Name Jakob Bialoglowski
Date August 13, 1928
Manner of Arrival S. S. Deutschland

"I further certify that this certificate of arrival is issued under authority of and in conformity with provisions of the Act of June 29, 1906 as amended solely for the use of the alien herein named and only for naturalization purposes.

"In witness whereof, this certificate of arrival is issued September 3, 1929 by direction of the Secretary of Labor.

MFG

"Raymond F. Christ (this is not an original but a rubber stamp signature)
"Commissioner of Naturalization

"Endorsed: (Red ink Stamp
"Filed September 20, 1933 over face of
"Geo. E. Gross, County Clerk document)
"By J. J. Kingston, Deputy
"Naturalization Service Received September 10, 1929, District Director San Francisco, California Department of Labor."

On October 5, 1929, Bialoglowski, at the office of the clerk of the Superior Court of Alameda County, in Oakland, Cal., filed his declaration of intention to become a citizen, and thereafter on September 30, 1933, filed his petition for citizenship. In due course he was at an open session of said state court

held at Oakland, Cal., granted the certificate of citizenship which the government now seeks to annul. After naturalization, on two visits to his native country, he applied for, and without question there were issued to him, American passports which were used by him without objection in going from and returning to the United States.

The government concedes that Bialoglowski is in all respects of race, character, education, reputation, and activity a desirable person for American citizenship.

 It is undoubtedly established in United States v. Ginsberg, 243 U.S. 472, 475, 37 S.Ct. 422, 425, 61 L.Ed. 853, that "No alien has the slightest right to naturalization unless all statutory requirements are complied with; and every certificate of citizenship must be treated as granted upon condition that the government may challenge it, as provided in section 15 and demand its cancelation unless issued in accordance with such requirements," and in specifying requirements the Supreme Court in the Ginsberg Case further said: "If procured when prescribed qualifications have no existence in fact, it is illegally procured; a manifest mistake by the judge cannot supply these nor render their existence nonessential."

It is to be noted in the instant case that there is no evidence of "manifest" or other mistake by the Superior Court judge who admitted Bialoglowski to citizenship.

There is no issue here that the proceedings in the Alameda County court were not conducted in open court and held at the time for which they were regularly noticed as provided by statute. Compare the Ginsberg Case, supra. Moreover, the very crucial element in the certified question in the Ginsberg Case that "the uncontradicted evidence at the hearing of the petition showed undisputably that the petitioner was not qualified by residence for citizenship," is wholly absent in the Bialoglowski matter.

 While it is true that the "certificate of arrival" of an alien is not the sole evidentiary requirement for establishing residential right to naturalization, it is clear that it is an indispensable prerequisite thereto. United States v. Ness, 245 U.S. 319, 38 S.Ct. 118, 62 L.Ed. 321. And where there is no evidence before the naturalization court of any misrepresentation, concealment, or mistake, the undisputed regular production of this documentary evidence is sufficient in law to justify the judge in finding the alien to be residentially qualified for citizenship, and if such finding is judicially made and a certificate of citizenship follows, as was the case with Bialoglowski, it is not cancelable upon the ground that it is "illegally procured" within section 405 of title 8, U.S.C.A. There being no fraud, if there had been a mistake by governmental agents in issuing the certificate of arrival, which fact has not been established, said mistake cannot now be invoked to affect or nullify the findings based upon all the evidence submitted to the naturalization court. But we think that giving consideration to the statements contained in the papers executed in Poland at the time of Bialoglowski's initial departure for the United States they are not sufficient to overthrow the contents of the certificate of arrival and the other testimony and documents that are before this court. The government has failed to establish by a preponderance of all the evidence that the certificate of citizenship issued to Bialoglowski was "illegally procured."

The statute under which this suit was commenced and prosecuted by the government authorizes cancellation of a certificate of citizenship only "on the ground of fraud," or on the ground that the certificate "was illegally procured."

As the evidence fails to sustain either of the statutory requirements, the certificate of citizenship of Jacob Bialoglowski should not be canceled and the bill of the United States should be dismissed, and it is so ordered.

The foregoing decision, with such other and further findings as may be submitted by respective suitors within ten days from notice of the filing of this decision and adopted by this court, will constitute findings of fact and conclusions of law in accordance with Equity Rule 70½, 28 U.S.C.A. following section 723.

Decree ordered accordingly.