## UNITED STATES v. BIALOGLOWSKI.
### No. 8974.

Circuit Court of Appeals, Ninth Circuit.
Feb. 23, 1939.

Ben Harrison, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellant.

Samuel De Groot, of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

PER CURIAM.

The United States brought suit under § 15 of the Naturalization Act of June 29, 1906, 8 U.S.C.A. § 405, to cancel a certificate of naturalization issued to appellee by the Superior Court of Alameda County, California, on December 22, 1933. The case was tried before the court, sitting without a jury, and a judgment of dismissal entered. This appeal followed.

Briefly, the facts are that appellee, a native of Poland, entered this country at New York on August 13, 1928, at which time he was given an immigration card. He came West and entered the University of California as a foreign student in agriculture. He was unable to pass the entrance examinations because of his failure to make the English language requirements, but was admitted conditionally upon later qualifying himself in English. He did so, earning a Bachelor's degree in science, and later a Ph. D. in agriculture. He is now employed by the State of California in research work.

While a student at the university, he was told that having an immigration card he was eligible to petition for naturalization. Upon inquiry at the office of the Clerk of the Superior Court of Alameda County as to his status and right to naturalization, he was informed by an official in the office that if he could obtain a certificate of arrival he would be qualified to file his declaration of intention. He made application regularly, and the Department of Labor, pursuant thereto, forwarded from Washington a certificate of arrival stating that "the immigration records of the Department of Labor show that the alien named below arrived at the port, on the date and in the manner shown, and was lawfully admitted to the United States of America for permanent residence." The certificate correctly gave the name of appellee, the port of entry, and the date and manner of his arrival. It further certified that the certificate was issued "under authority of and in conformity with the provisions of the Act of June 29, 1906 as amended solely for the use of the alien herein named and only for naturalization purposes." The certificate was signed by the Commissioner of Naturalization.

This document was received by the District Director of the Naturalization

Service at San Francisco September 10, 1929, and filed with the Clerk of Alameda County ten days later. In October, 1929 appellee filed his declaration of intention to become a citizen, of which proceeding the certificate of arrival became a part. Thereafter, on September 30, 1933 appellee filed his petition for citizenship, and in due course at an open session of the state court he was granted the certificate of citizenship now sought to be annulled.

It is conceded that appellee is in respect of race, character, education, reputation and activity a desirable person for American citizenship. There is no claim of fraud, but it is urged that the certificate of citizenship was illegally procured. The claim is based on a conflict between the visa issued to appellee and the certificate of arrival. However, there is no sufficient showing of mistake, and the evidence is not such as to warrant a holding that the certificate of arrival was improperly issued or that the certificate of citizenship was illegally procured. The rule governing in such cases is developed in United States v. Ginsberg, 243 U.S. 472, 37 S.Ct. 422, 61 L.Ed. 853. It was not here established that the prescribed qualifications for citizenship have no existence in fact.

Affirmed.