## UNITED STATES v. KAZARIAN.

### No. 3055.

District Court, D. Montana.

Aug. 2, 1939.

John B. Tansil, U. S. Atty., of Billings, Mont., for plaintiff.

Rock D. Frederick, of Whitefish, Mont., for defendant.

PRAY, District Judge.

A complaint was filed in the above entitled cause on August 27th, 1937, against the said defendant for the purpose of setting aside and canceling a certificate of naturalization issued to the defendant by the Supreme Court of Bronx County, Bronx, New York, in the state and district of New York on October 1st, 1930, on the grounds that said certificate had

been fraudulently and illegally procured. The defendant answered, denying the allegations of fraud and illegality.

■ This suit was brought under Section 405, Title 8. U.S.C.A., and was tried December 8th, 1938. It is the contention of plaintiff that the New York court was without jurisdiction to issue the certificate of naturalization to defendant for the reason that he was not a resident of Bronx at the time of issuance and for the required period of six months prior to filing of his petition for citizenship on May 20th, 1930. It appears that the statutory provisions relating to the filing of the naturalization petition and admission to citizenship are mandatory, and can not be waived or modified by the court. As to such provisions the Supreme Court held in United States v. Ginsberg, 243 U.S. 472, 474, 475, 37 S.Ct. 422, 425, 61 L.Ed. 853, as follows: "An alien who seeks political rights as a member of this nation can rightfully obtain them only upon terms and conditions specified by Congress. Courts are without authority to sanction changes or modifications; their duty is rigidly to enforce the legislative will in respect of a matter so vital to the public welfare." And the court further held at the conclusion of the same case: "No alien has the slightest right to naturalization unless all statutory requirements are complied with; and every certificate of citizenship must be treated as granted upon condition that the government may challenge it, as provided in § 15, and demand its cancelation unless issued in accordance with such requirements. If procured when prescribed qualifications have no existence in fact, it is illegally procured; a manifest mistake by the judge cannot supply these nor render their existence nonessential."

To give the court jurisdiction the alien must have resided continuously within the United States for at least five years, and within the county where the petitioner resided at the time of filing his petition for at least six months, immediately preceding the date of his petition.

■ The sole question before the court is whether or not the defendant resided in the city of New York for six months immediately prior to the 20th of May, 1930, which is the date on which he filed his petition for citizenship. The defendant made an affidavit on January 25th, 1936, which he presented to the Department of Labor, and in which he was seeking the admission of his wife to the United States. In this affidavit he stated: "I am a citizen of the United States and a resident of Whitefish, State of Montana, and have been for the last ten years, since March 1925, during which time I have been an employee of the Great Northern Railway Company." In connection with the above mentioned object, the defendant procured an affidavit from George B. Riggas, a track foreman for the Great Northern Railway Company at Whitefish, Montana, made February 20th, 1936, in which he stated "that he had been personally acquainted with Dick Kazarian for the past 15 years, and that during all of said time he personally knows that he (Kazarian) has been a steady employee of the Great Northern Railway Company working on the Kalispell Division out of Whitefish, Flathead County, Montana." Said George B. Riggas also testified that he remembered talking to the defendant before the defendant took his trips East in the fall of 1927 and again in the early part of 1930, because defendant had told him that he, the defendant, was going to return to Whitefish, Montana, as he did not intend to lose his, defendant's, rights on the Great Northern. The defendant's name appears on the payroll records of the Great Northern Railway Company, showing almost continuous employment at or near Whitefish, Montana, since the fore-part of March, 1923. His only periods of absence, extending to fifteen days or more, were from the fore-part of November, 1927, to the middle of April, 1928, and again from January 11th, 1930, to about the middle of October, 1930.

In his preliminary form for petition for naturalization submitted by defendant to the Department of Labor and received at Philadelphia Immigration Station, Gloucester City, New Jersey, about May 3rd, 1927, he set forth therein that his present residence was Whitefish, Montana, and that he had resided continuously in the State of Montana since April 15th, 1922. According to the testimony of T. L. Wyckoff, Assistant District Director, Immigration and Naturalization Service, Spokane, Washington, the defendant, when accused of making a false statement when he said that his residence was in New York, replied: "I don't know what I told him— I may have made a mistake." He also admitted to this officer that his witnesses were not qualified to appear for him and that they had testified falsely. The de-

fendant claims that it was his intention to live in New York, and that he bought a half interest in a store there and later sold it, and thereafter bought another store; that it was following this experience that he applied for citizenship, intending to make New York his place of residence. How far should we accept the declarations of the defendant as to his intention in respect to place of residence in the face of his known acts and former sworn statements and admissions disclosing a different intention; it seems quite apparent that his intention was, and had been, for many years to make Whitefish, Montana, his place of residence.

Why the defendant should have gone so far out of his way as to seek citizenship in the New York court is not easily explained, unless for the short interval of his sojourn there he really intended to make it his permanent place of abode, and even so, he was not within the six months' period required. This court is reluctant to disturb a decree of another court, entered apparently after a due compliance with all the requirements of the statute. This court would much prefer to accept the theory of the case above suggested than enter a decree canceling the defendant's certificate, but the evidence presented here on behalf of the government renders that theory untenable. The defendant himself has fixed his place of residence, prior to as well as subsequent to his citizenship hearing. He admits that he may have made a mistake at such hearing, and furthermore admits that his witnesses swore falsely. This evidence was furnished by the Assistant District Director of Immigration at Spokane; it came from an entirely disinterested source; this officer was detailed to investigate the case; he had no acquaintance with defendant and no interest in the matter other than a performance of duty. There seems to be no reason why the court should not give full credit to the testimony of this immigration officer, and especially so, when other credible evidence is found in the case, both oral and documentary, affording corroboration. And since the statute in question means exactly what it says, there seems to be no other alternative than to hold as a conclusion of law by the court that the Supreme Court of Bronx County, Bronx, New York, was without jurisdiction to issue the certificate of naturalization in question, for the reason that the defendant was not a resident of Bronx at the time of issuance nor was he a resident for the required period of six months prior to the filing of his petition for citizenship on May 20th, 1930; and therefore the certificate was illegally procured and the defendant was guilty of fraud because of his intentional misrepresentations in procuring such certificate, and that, by reason thereof, it is here ordered that such certificate be surrendered to this court for cancellation. If further findings are deemed necessary by counsel to satisfy the new rule, they may be submitted to the court.

Let a decree be entered accordingly.