## UNITED STATES v. CHOMIAK.

### Civ. No. 9058.

United States District Court
E. D. Michigan, S. D.
Nov. 18, 1952.

Philip A. Hart, U. S. Atty., J. Connor Austin, Asst. U. S. Atty., Detroit, Mich., Harry Kobel, U. S. Immigration & Naturalization Service, Detroit, Mich., of counsel, for plaintiff.

Alan N. Brown, Detroit, Mich., for defendant.

THORNTON, District Judge.

This is an action by the United States of America to revoke and set aside the order admitting the defendant, Nicholai Chomiak, to citizenship, and canceling the certificate of naturalization, pursuant to the provisions of 8 U.S.C.A. § 738(a).

The defendant was admitted to citizenship on August 7, 1945, by order of the United States District Court, Eastern District of Michigan, Southern Division, and issued Certificate of Naturalization No. 6679259.

At the time of the filing of the petition for naturalization, June 28, 1945, the Nationality Code of 1940 provided that:

"No person shall hereafter be naturalized as a citizen of the United States— * * *

"(b) * * * who is a member of or affiliated with any organization, association, society, or group that believes in, advises, advocates, or teaches—

**528**

"(1) the overthrow by force or violence of the Government of the United States * * *.

"The provisions of this section shall be applicable to any applicant for naturalization who at any time within a period of ten years immediately preceding the filing of the petition for naturalization is, or has been, found to be within any of the clauses enumerated in this section, notwithstanding that at the time petition is filed he may not be included in such classes." 8 U.S.C.A. § 705.

■ Based on the evidence at the trial of this cause, which was convincing, I find as a fact that the defendant was a member of the Communist Party of the United States from 1933 to 1938.

From the testimony and the exhibits I further find that the Communist Party of the United States was, during the years 1933 to 1938, an organization that believed in, advised, advocated and taught the overthrow of the Government of the United States by force and violence.

■ The defendant was, therefore, a person who was prohibited by statute from becoming naturalized, and a person whose naturalization was not issued in accordance with statutory requirements.

In the case of Orth v. United States, 4 Cir., 142 F.2d 969, 973, the following appears: "It is well established that no alien may obtain valid naturalization, nor retain it if previously obtained, unless such naturalization was issued in accordance with statutory requirements." And in United States v. Ginsberg, 243 U.S. 472, 475, 37 S.Ct. 422, 61 L.Ed. 853, the Supreme Court of the United States clearly states that if naturalization is procured when prescribed qualifications have no existence in fact, it is illegally procured.

The defendant herein procured naturalization when the prescribed qualification of nonmembership in a certain type of organization did not exist in fact, and his naturalization was therefore illegally procured, and must therefore be ordered revoked. 8 U.S.C.A. § 738(a).

An Order may be presented accordingly.