**Petition of Naturalization of Bettine Joyce Applewhaite KRAUSE.**

**No. 2753.**

United States District Court
S. D. Alabama, S. D.
March 10, 1958.

Bettine Joyce Applewhaite Krause pro se.

Charles S. Price, Designated Examiner, Mobile, Ala., for Immigration and Naturalization Service.

DANIEL HOLCOMBE THOMAS, District Judge.

This petition is before the court on the findings and recommendations made by the designated examiner of the United States Immigration and Naturalization Service that the petition for naturalization of Bettine Joyce Applewhaite Krause be denied.

The petitioner, a native and citizen of England, seeks naturalization as a United States citizen. She meets all the general qualifications for citizenship except that she would be unwilling to bear arms on behalf of the United States against England if required by the law. She is willing to bear arms on behalf of the United States against all enemies other than her native land; but in the event her native country should at any time be an enemy of this country, her position, she maintains, would be neutral.

The issue is as to the proper interpretation of 8 U.S.C.A. § 1448(a). The facts are not in dispute.

The hearing held on December 19, 1957, was in open court. The petitioner represented herself and was afforded a full and formal hearing as is provided for in 8 U.S.C.A. § 1447(b). The court's conclusions herein are based upon the testimony of the petitioner and that of her husband and two other witnesses who are her neighbors and friends, and upon the naturalization examiner's recommendation, with supporting papers. The petitioner agreed that the court should make a final determination on this basis.

The law governing the oath to be taken by petitioners for naturalization is contained in 8 U.S.C.A. § 1448(a), the same being 337(a) of the Immigration and Naturalization Act of 1952. This statute requires that a person who has petitioned for naturalization shall "in order to be and before being admitted to citizenship," take in open court an oath (1) to support the Constitution of the United States, (2) to renounce and abjure absolutely and entirely all allegiance and fidelity to the country of which the petitioner was before a subject or citizen, (3) to support and defend the Constitution and laws of the United States against all enemies, (4) to bear true faith and allegiance to the same, and (5) (A) to bear arms in behalf of the United States when required by the law, or (B) to perform non-combatant service in the Armed Forces of the United States when required by the law, or (C) to perform work of national importance under civilian direction when required by the law.

The only exceptions provided by the statute are: a person who shows by clear and convincing evidence to the satisfaction of the naturalization court that he is *opposed to bearing arms in the Armed Forces of the United States by reason of religious training and belief* shall be excused from taking that part of the oath prescribed by (5) (A); and a person who shows by clear and convincing evidence to the satisfaction of the naturalization court that he is *opposed to any type of service in the Armed Forces of the United States by reason of religious training and belief,* shall be excused from taking that part of the oath prescribed by (5) (A) and (5) (B). Thus it is clear that an applicant for citizenship, in order to meet the statutory requirements for admission, must take an oath to perform military service as specifically required by Section 1448(a) (5) (A), unless he (or she) is excused on the ground of religious training and belief from that provision. The statutory definition of "religious training and belief" is as follows: "The term 'religious training and belief' as used in this section shall mean an individual's belief in relation to a Supreme Being involving duties superior to those arising from any human relation, but does not include essentially political, sociological, or philosophical views or a merely personal moral code."

■■ The petitioner in this case is averse to bearing arms on behalf of the United States against Great Britain (should she ever be required to do so by law), not on the ground of religious training and belief, but on the ground of the strong love she retains for her native country. She is willing to bear arms on

behalf of the United States against all other countries except Great Britain. An alien seeking to be naturalized can rightfully obtain naturalization only after complying with all the statutory requirements for citizenship. Courts are without authority to sanction changes and modifications; their duty is to enforce rigidly the legislative will in respect of a matter so vital to the public welfare.[1] The petitioner cannot be held exempt from taking the full oath as prescribed.

The court, therefore, approves the findings of fact, conclusions and recommendations of the designated examiner. The petition for naturalization of Bettine Joyce Applewhaite Krause must be denied. An appropriate order will be entered. An exception is allowed.

See also 159 F.Supp. 691.

1. United States v. Ginsberg, 1917, 243 U.S. 472, 474, 37 S.Ct. 422, 61 L.Ed. 853; Petition of Ferro, D.C.1956, 141 F.Supp. 404, 408; United States v. Kwan Shun Yue, 9 Cir., 1952, 194 F.2d 225, 228.