## UNITED STATES v. RAVERAT.

(District Court, D. Montana. March 22, 1915.)

No. 111.

ALIENS ☞711½, New, vol. 7 Key-No Series—NATURALIZATION—CANCELLATION
OF CERTIFICATE.

> The provision of Rev. St. § 2165 that to authorize the admission of an
> alien to citizenship it must be made to appear to the satisfaction of the
> court that during his five years' residence in the United States he had
> "behaved as a man of good moral character," imports that to be qualified
> for citizenship he must have been in fact, as well as in behavior, of good
> moral character; and where an alien admitted under said law was not
> so in fact, but was at the time engaged in an immoral and illegal busi-
> ness, his admission was fraudulently and illegally procured, within the
> meaning of Act June 29, 1906, c. 3592, § 15, 34 Stat. 601 (Comp. St. 1913,
> § 4374), whatever the evidence may have been, and his certificate is sub-
> ject to cancellation thereunder.

Proceeding by the United States against Leon Eugene Lucien Rav-
erat for cancellation of certificate of citizenship. Decree of cancel-
lation.

B. K. Wheeler, U. S. Atty., of Butte, Mont., and H. G. Murphy,
Asst. U. S. Atty., of Helena, Mont., for the United States.

William Meyer, of Butte, Mont., for respondent.

BOURQUIN, District Judge. At San Francisco in 1896 defendant
was admitted to citizenship. In 1912 this proceeding to cancel his
certificate of citizenship was begun. The allegations are that said
certificate was illegally and fraudulently procured, in that when ad-
mitted to citizenship, and for five years next prior thereto, defendant
was not of good moral character, that he was a "pimp," habitually
consorting and living with like persons and prostitutes, and that he
was a person of grossly immoral character. The answer is of denials
only.

The evidence, as it should be to deprive defendant of the benefit of a
decree of a court of record and of the inestimable boon of American
citizenship, is of quality and quantity that inspires confidence and pro-
duces conviction that when defendant was admitted to citizenship, and
for several years next prior thereto, he conducted a saloon with lodg-
ing house above in the sporting district of San Francisco; that the
patrons of the saloon in the main were of the sporting class; that de-
fendant sublet "cribs" to prostitutes for the purpose of their calling
(he nevertheless did it, even if it was directly his partner's act); that
these and other cribs in adjacent alleys were connected with said sa-
loon by annunciator bells, which, rung, secured attendance from em-
ployés of the saloon to supply liquor to the cribs and to call police in
case of disorder; that crib inmates roomed in defendant's lodging
house; and that to outward appearance defendant's business and con-
duct were of good order. The laws of California made it a misde-
meanor to let tenements for purposes of prostitution, and the latter
calling has always been under the ban of common law.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Aliens are admitted to citizenship upon their solicitation, and not of right, but of favor. They must possess the qualifications and perform the conditions for admission prescribed by Congress. Amongst these at the time of defendant's admission were that it should be made to appear to the satisfaction of the court that the alien had resided in the United States for five years "and that during that time he has behaved as a man of a good moral character." Section 2165, R. S. This imports that, to be qualified for citizenship, the alien must be in fact as well as in behavior of good moral character.

Behavior is taken as sufficient evidence of a good moral character, but it is not believed, as indicated in Hopp's Case (D. C.) 179 Fed. 562, that Congress intended it should be conclusive evidence, precluding inquiry into the alien's actual moral character. Surely substance, and not shadow, was the ultimate qualification and test. (Under the present law [34 Stat. 596] even beliefs, thoughts, internal acts, may disqualify.) Be that as it may, however, it needs no analysis and no argument to demonstrate that when admitted to citizenship, and for years prior thereto, defendant neither was nor had behaved as a man of a good moral character. His business and conduct violated ethics and law, and were of long-continued immorality. He was an accessory of outcasts of society in their offenses against morals and law. If, as he testifies, he told the court his business and its location, "answered all questions truthfully, and concealed nothing," it is nevertheless clear that he must have satisfied the court as the statute commands, and as we must presume until the contrary appears, that his behavior was that of a man of a good moral character. Therein the evidence was false, the court was deceived, defendant in conduct and character was not qualified for and entitled to citizenship, and so the decree and certificate were fraudulently procured. The result would be the same if the court received no evidence in relation thereto, but in a nonadversary proceeding, as it was, perfunctorily decreed admission. See Johannessen's Case, 225 U. S. 227, 32 Sup. Ct. 613, 56 L. Ed. 1066; Albertini's Case (D. C.) 206 Fed. 135. So, likewise, if the evidence was truthful, and as herein, and the court accepted it as demonstrative of behavior like unto a man of a good moral character; for in such proceedings, more administrative than judicial, and ex parte, the government is not concluded by the court's errors.

This suit is long delayed. Circumstances might exist wherein reformation might be a defense, or might serve to invoke laches, even against the sovereign's suit. Had they existed, doubtless this suit would not have been brought, for it would serve no good purpose, or they would have been pleaded herein. Reasons may be indicated by the indorsement upon defendant's photo, introduced and read in evidence without objection, viz.:

"Prop. tenderloin saloon, 128 S. Wyoming St., Cor. Mercury St., Butte. 10—26—09."

A decree of cancellation will be entered.