## UNITED STATES v. SHERMAN.

### No. 1515.

District Court, E. D. New York.

Sept. 4, 1941.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Leopold Freiman, of New York City, for defendant.

CAMPBELL, District Judge.

This is an action brought by the United States of America to vacate, cancel and set aside the certificate of citizenship No. 2,661,612 issued to the above named defendant on May 7th, 1928, by the United States District Court for the Southern District of New York, on his petition for citizenship filed on or about April 30th, 1928, on the grounds that the naturalization of said defendant was illegally procured in violation of the third and fourth subdivisions of Section 4 of the Act of June 29th, 1906, 34 Stat. 596, 8 U.S.C.A. §§ 381, 382, in that (1) he did not behave as a person of good moral character attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States during the five-year period next preceding the filing of the said petition for citizenship, and (2) that he did not take the oath of allegiance to support and defend the Constitution and laws of the United States against all enemies,

foreign and domestic, and bear true faith and allegiance to the same in good faith.

Before being admitted to citizenship the defendant made his petition, and took the oath hereinbefore described.

█ Before making such petition, and oath, the said defendant solicited, and aided said Antonio Nacinovich in illegally becoming a citizen knowing that he was illegally within this country, and for such services received $300 which he contends he gave to Sam Bratsker, a lawyer, who was a relative of his wife.

That is supported by the testimony of said Antonio Nacinovich, who testified that he came here as a seaman and was allowed to come ashore, to reship.

Said Nacinovich also testified that he never did reship, and that he was never examined, or paid a head tax, that he came to this country as a seaman on the S. S. Calabria in 1920.

He also testified that he never lived in the Bronx, nor at the address, in the Bronx, stated in the petition, that he had known the defendant since 1926, and that the defendant had a store, where he, Nacinovich, purchased tobacco, at 458, 17th Street, New York City.

Nacinovich testified that he lived at 116 Tenth Avenue, corner of 17th Street, and that he, Nacinovich, told the defendant where he lived, when he came here, and on what ship.

The petition for final papers gave his address as 550 East 146 Street, and stated that he arrived on the S. S. Calabria on May 13, 1921. How the necessary certificate of arrival was obtained was not shown.

Nacinovich further testified that the papers required were drawn either by the defendant, or some one at defendant's house. It was further supported by the testimony, of Nelson R. Zicherman, a Special Inspector of the Special Inspection Division, Immigration and Naturalization Service, Department of Justice, who examined the defendant, Sherman, and during the course of that examination read to the said defendant, Sherman, a portion of a sworn written statement made by said Antonio Nacinovich, and the defendant, Sherman, said "That is right, that just about covers it."

The portion of the said statement read to the defendant, Sherman, reads as follows: "Sometime in the early part of the year 1927 I talked to Albert Sherman, who was the owner of a cigar store at about 458 West 17th Street, New York City, and at that time I told Albert Sherman the true facts regarding my arrival in the United States. He told me that he could obtain United States citizenship for me through some man that he knew, and shortly after that Albert Sherman introduced me to a man named Bratsker. Shortly before I filed my petition for naturalization I paid to Albert Sherman about $100, and right after I received my certificate of naturalization I paid about $150 or $200 to Albert Sherman. Altogether I paid him about $300. I did not see Albert Sherman pay either of these amounts to Bratsker, but I am positive that he did actually turn the money over to Bratsker."

I believe that the testimony of those two witnesses is true, and entitled to greater weight than the testimony of the defendant.

That this was not a mere misunderstanding of the seriousness of the effect and an honest attempt to help a customer, Antonio Nacinovich, to legally obtain a certificate of citizenship, but was an intentional violation of the law is apparent, when you consider the fact of the number the defendant admitted helping and by the proof of a subsequent indictment, exhibit 2, containing many counts, found in the U. S. District Court, Southern District of New York, which charged that he "did unlawfully, willfully and knowingly aid, advise and encourage different people therein named, not including said Nacinovich, (persons not entitled to apply for naturalization) to apply for naturalization", to which indictment the defendant pleaded guilty and was sentenced by that Court on that plea.

Of course, the indictment found subsequent to his admission of the defendant to citizenship, does not tend to prove that he assisted in the illegal naturalization of said Antonio Nacinovich, but that having been proved, the subsequent conviction does tend to disclose the defendant's state of mind when he signed his petition for naturalization. Turlej v. United States, 8 Cir., 31 F.2d 696; Glaser v. United States, 7 Cir., 289 F. 255.

That is also true as to his admissions as to the large number he assisted to obtain citizenship through said Bratsker.

█ Admission to citizenship is not a right, but is a privilege, and among the

conditions are, residence in the United States for five years, and that during that time the applicant has behaved himself as a man of good moral character.

■ The applicant must be of good moral character in fact as well as in behavior. United States v. De Francis, 60 App.D.C. 207, 50 F.2d 497.

■ The burden of proof rests on the Government and I am convinced by the evidence that the Government has borne that burden.

On the evidence before this Court, the United States is entitled to judgment vacating, cancelling and setting aside the certificate of citizenship of the defendant, as prayed for in the complaint herein. Johannessen v. United States, 225 U.S. 227, 32 S.Ct. 613, 56 L.Ed. 1066; United States v. Ginsberg, 243 U.S. 472, 37 S.Ct. 422, 61 L.Ed. 853; United States v. Raverat, D.C., 222 F. 1018.

■ That in other respects defendant has lived properly does not relieve from the effects of his acts with reference to Nacinovich.

A decree may be entered in favor of the plaintiff, against the defendant, as prayed for in the complaint with costs.

Settle decree on notice.

Submit proposed findings of fact and conclusions of law in accordance with this opinion.