### UNITED STATES v. ASCHER.
### No. 114.

Circuit Court of Appeals, Second Circuit.

Feb. 13, 1945.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S.

Atty., of Brooklyn, N. Y., of counsel), for appellee.

Denis M. Hurley, of Brooklyn, N. Y., for appellant.

Before HUTCHESON, SIMONS, and CLARK, Circuit Judges.

HUTCHESON, Circuit Judge.

Commenced February 12, 1943, under Section 738, Title 8, the suit was to revoke and set aside, for fraud and illegality in procuring it, the order entered April 15, 1920, admitting defendant appellant to citizenship. The fraud alleged was that in connection with his examination for citizenship on his petition filed November 6, 1919, the applicant had concealed and withheld the fact that, after he had made his declaration on February 2, 1913, he had, on August 27, 1913, been convicted of a felony, and that during a considerable portion of the critical five year period preceding the filing of his petition, he was serving time for, or was on parole in connection with, that offense. The illegality alleged was that one of his witnesses, though nominally acquainted with him during the required five year period, had not sufficient acquaintance with him to qualify as a witness. Though there was proof here of later criminality, the effort here, unlike in Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333 87 L.Ed. 1796, Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, Meyer v. United States, 5 Cir., 141 F.2d 825, and other similar cases, where the action to denaturalize found its spring in war hysteria or ideological conflict, was not by reasoning backward from later conduct to impute hidden reservations which deprived the loyalty oath of verity. It was to establish fraud by proof of facts charged to have transpired during the critical period, and the question presented is merely whether the evidence supports the finding that, as charged, the fact of his conviction and imprisonment was fraudulently concealed. The fact of his conviction stands admitted. The issue is drawn on whether he fraudulently concealed that fact.

As to the issue of illegality, the issue is drawn on whether, though it is conceded that the witness knew the applicant for more than five years, the fact that for a small part of that time the applicant was confined within a reformatory and the witness did not know it, can be taken

as established proof that he was not a qualified witness, and the certificate was therefore illegal.

Without deciding whether the proof on the issue of illegality is sufficient to support the revocation, saying only that it appears to us to be quite finely drawn, we pass to the issue of fraud to determine as to it that the evidence fully supports the finding and decree. It is true that there was no positive evidence that the witness was asked specifically about his having been convicted, and being asked, denied it. But there is ample evidence from which it can be inferred that he was asked generally whether he had been convicted of a felony, and it is not even claimed that he did advise the examiner that he had been. Though present in court when the revocation was heard, appellant did not testify. In the light of the fact that it stands conceded that he had been convicted of, and confined for, a felony, and that the examiner's record indicated that as to offenses, he had stated only that he had been arrested for a speeding offense, we think it clear that the evidence supports the judgment, and that it must be affirmed.