## UNITED STATES v. SWEET.
### Civ. A. No. 8879.

United States District Court
E. D. Michigan, S. D.

Aug. 8, 1952.

Philip A. Hart, U. S. Atty., J. Connor Austin, Asst. U. S. Atty., Detroit, Mich., Harry Kobel, U. S. Immigration and Naturalization Service, Detroit, Mich., of counsel, for plaintiff.

Ernest Goodman, Detroit, Mich., for defendant.

LEVIN, District Judge.

A denaturalization proceeding has been instituted against the defendant under Title I, Subchapter III, Section 338, of the Nationality Act of 1940, 54 Stat. 1158, 8 U. S.C.A. § 738(a) on the ground that his naturalization, obtained on February 5, 1946, was fraudulently and illegally procured because he concealed the fact that he was for some time during the ten-year period prior to his naturalization a member of the Communist Party.

The Nationality Code of 1940 provided that:

"No person shall hereafter be naturalized as a citizen of the United States—

" * * * (b) * * * who is a member of or affiliated with any organization, association, society, or group that believes in, advises, advocates, or teaches—

"(1) the overthrow by force or violence of the Government of the United States * * *

"The provisions of this section shall be applicable to any applicant for naturalization who at any time within a period of ten years immediately preceding the filing of the petition for naturalization is or has been, found to be within any of the clauses enumerated in this section, notwithstanding that at the time petition is filed he may not be included in such classes." (8 U.S.C.A. Sec. 705)

Despite the fact that the Government's witnesses are former Communists who may have had ulterior motives for testifying in the trial of this action, the evidence is convincing, and I find as a fact, that the defendant was for some time during the ten-year period prior to his naturalization a member of the Communist Party of the United States.

I find, too, on the basis of the evidence that the Communist Party of the United States was, during the period in question, an organization that advised, taught and advocated the overthrow of the Government of the United States by force and violence. The evidence on this point was introduced by stipulation that two named expert witnesses, if they were to take the stand, "would testify that on the basis of their membership, training, experience, and activities in the Communist Party of the United States and on the basis of the documents, pamphlets and literature * * * [introduced in evidence at the trial] which were circulated, distributed, printed or published by the Communist Party of the United States during the period of their membership, that during the period of their

membership the Communist Party of the United States advocated, taught, and advised the overthrow of the Government of the United States by force and violence * * *." These men were Communist Party members during the years that witnesses testified that the defendant was a member of that party. The fifteen pieces of Communist literature introduced in evidence on the basis of the stipulation are indicative of the place that the Communist creed accords to the use of force and violence for the purpose of overthrowing existing governments.

The testimony left no doubt that the defendant concealed his history of party membership from the naturalization authorities and thereby thwarted inquiry into his eligibility for naturalization.

The Supreme Court in United States v. Ness, 245 U.S. 319, at page 325, 38 S.Ct. 118, at page 121, 62 L.Ed. 321, has held that the statutory provision for denaturalization is a remedy "broader than that afforded in equity, independently of statute, to set aside judgments * * *." The Supreme Court has since made it clear that fraud as a statutory ground for denaturalization need not be extrinsic. Knauer v. United States, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500.

The evidence introduced at the trial of this action met the test set forth by the Supreme Court in Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed 1796, that in order to set aside a certificate of naturalization the proof of fraud in its procurement must be clear, convincing and unequivocal. We are not here, as in the Schneiderman case and in the later case of Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed 1525, concerned with the defendant's state of mind at the time of naturalization, a condition necessarily difficult to ascertain and prove, but with an objective fact which may be established with that degree of proof necessary to convince reasonable minds.

I hold that the evidence introduced by testimony and stipulation in this action constitutes clear and unequivocal proof that the defendant was a member, during a part of the ten-year period preceding his

naturalization, of an organization that advised, taught and advocated the overthrow of the Government of the United States by force and violence. The certificate of naturalization was fraudulently obtained and an order revoking it may be presented for signature.