### SWEET v. UNITED STATES.

### CHOMIAK v. UNITED STATES.

### CHARNOWOLA
### v.
### UNITED STATES.

Nos. 11794, 11841, 11912.

United States Court of Appeals
Sixth Circuit.

Feb. 19, 1954.

George W. Crockett, Jr., Detroit, Mich., Ernest Goodman and Goodman, Crockett, Eden & Robb, Detroit, Mich., Blanch Freedman, New York, N. Y., on brief, for appellants.

Dwight K. Hamborsky, Detroit, Mich., Fred W. Kaess, Joseph Sureck, Detroit, Mich., on brief, for appellee.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

In these three denaturalization proceedings, argued together on appeal though tried before different United States District Judges in the Eastern District of Michigan, the naturalization orders admitting the respective appellants to citizenship were revoked and set aside and the certificates of naturalization issued to them were cancelled and held to be null and void.

Each of the three cases related to the applicability and effect, in the circumstances presented, of the Nationality Code of 1940, § 705, Title 8 U.S.C.A.,[1] which forbade the naturalization as a citizen of the United States of anyone who had at any time within a period of ten years immediately preceding the filing of his or her petition for naturalization been a member of or affiliated with any organization, association, society, or group which believes in, advises, advocates, or teaches the overthrow by force or violence of the Government of the United States. The statute also provides that it should apply to any person found to be within any of the classes enumerated, notwithstanding that at the time the petition was filed he might not be included in such class.

The able and experienced district judge in each of the three cases filed a succinct opinion stating the reasons for his decision.

In No. 11,794, the Sam Sweet case, District Judge Levin found the evidence convincing that the defendant had been for some time during the ten-year period prior to his naturalization a member of the Communist Party of the United States. This finding of fact was based upon substantial evidence and is not clearly erroneous. Judge Levin found further, on the basis of evidence amply supporting the finding, that the Communist Party of the United States was, during the period in question, an organization that advised, taught, and advocated the overthrow of the Government of the United States by force and violence. He found, too, that the testimony left no doubt that the defendant had concealed his history of Communist Party membership from the naturalization authorities and had thereby thwarted inquiry into his eligibility for naturalization. The Judge stated correctly that the Supreme Court had made it clear that fraud as a statutory ground for denaturalization need not be *extrinsic*, as contended by counsel for the defendant. Knauer v. United States, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500. It was declared that the evidence introduced met the test required by Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796, inasmuch as it supported clear findings and constituted unequivocal proof that the defendant had been, during a portion of the ten-year period preceding his naturalization, a member of an organization which advised, taught and advocated the overthrow of the Government of the United States by force and violence. The Court was not concerned, as in the Schneiderman case and in Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525, with the state of mind of the defendant at the time of naturalization, "a condition necessarily difficult to ascertain and prove, but with an *objective fact which* may be established with that degree of proof necessary to convince reasonable minds." [106 F.Supp. 635]

This court is of opinion that Judge Levin's decision rested upon sound grounds and should be upheld.

In No. 11,841, the Nicholai Chomiak case, Judge Thornton found the evidence convincing that the defendant had been a member of the Communist Party of the United States from 1933 to 1938 and that, during such period, the Communist Party was an organization which be-

---

1. Now 8 U.S.C.A. § 1424(a–c).

lieved in, advised, advocated and taught the overthrow by force and violence of the Government of the United States. Wherefore, the United States District Judge held the defendant to be a person who was prohibited by statute from becoming a naturalized citizen and one whose naturalization had not been issued in accordance with statutory requirements. He cited United States v. Ginsberg, 243 U.S. 472, 475, 37 S.Ct. 422, 61 L.Ed. 853, to the effect that if naturalization be procured when prescribed qualifications have no existence in fact, it is illegally procured; and held that Chomiak had procured his naturalization illegally and that accordingly his certificate of citizenship should be revoked. We think Judge Thornton's reasoning was sound.

■ In No. 11,912, the George Charnowola case, Judge Picard pointed out that the defendant was not charged with being a Communist, either at the present time or during the ten-year period previous to his application for citizenship; but that the gist of the Government's action to cancel his citizenship was the false information which he gave to the Naturalization Examiners under oath when he stated that he had never been a Communist when, as a matter of fact he had been. The Judge quoted from the opinion of the Supreme Court in United States v. Ginsberg, 243 U.S. 472, 475, 37 S.Ct. 422, 425, 61 L.Ed. 853, supra, as follows: "No alien has the slightest right to naturalization unless all statutory requirements are complied with; and every certificate of citizenship must be treated as granted upon condition that the government may challenge it, as provided in § 15, and demand its cancellation unless issued in accordance with such requirements."

Recognizing the principle that once citizenship has been granted the courts must jealously guard its revocation and that evidence upon which revocation can be based must be " 'clear, unequivocal, and convincing' ", Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 1336, 87 L.Ed. 1796; Knauer v. United States, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500, Judge Picard held that this standard had been met, inasmuch as the evidence was of solid quality and clear, unequivocal and convincing that the defendant had been an active, dues-paying member of the Communist Party at some time before he filed his petition for naturalization. The Court found, as a matter of fact, that the defendant should have truthfully answered the question of the examiners as to whether he had ever been a Communist, that he had not done so, and therefore had obtained his citizenship by fraud.

The question whether the defendant, Charnowola, had ever been a member of the Communist Party was material upon the issue of whether he should be granted citizenship. The United States District Judge stated that [109 F.Supp. 812.] "Both here and in Russia it is now apparent that at all times the Communist Party aimed to destroy America by force and violence." He cited Dennis v. United States, 341 U.S. 494, 498, 71 S.Ct. 857, 95 L.Ed. 1137; Blau v. United States, 340 U.S. 159, 161, 71 S.Ct. 223, 95 L.Ed. 170 and Albertson v. Millard, D.C., E.D.Mich.1952, 106 F.Supp. 635, 642, 643, 644. In the last-mentioned case, Chief Judge Simons of this court said: "That the Communist Party of the United States advocates the overthrow of democratic governments, including that of the United States and its states, is supported by a super-abundance of credible evidence, * * *. The testimony in the Dennis case demonstrated clearly not only that Communism is a world movement but that the leaders of the Communist Party advocated the overthrow of the American Governments by force and violence. * * * " Based upon his findings and conclusions, Judge Picard was, in our opinion, correct in ordering the citizenship certificate of George Charnowola cancelled.

We have given due consideration to the excellent oral argument and well-prepared briefs of the astute attorney for the three appellants which present from his viewpoint, as strong as could

be stated, alleged reasons for reversal of the three separate judgments of the several district judges, but we are of opinion that no error has been shown to inhere in the judgments. The findings of fact of the judge in each of these cases were supported by substantial evidence and were certainly not clearly erroneous; and the conclusions of law in each case were based upon logically correct reasoning, supported by highest authority.

Accordingly, in each of the three cases, the judgment is affirmed.