UNITED STATES of America, Plaintiff,

v.

Leendert Albertus VANDER JAGT, Defendant.

Misc. A. No. 123.

United States District Court
W. D. Michigan, S. D.

Nov. 10, 1955.

---

14. Title 15 U.S.C.A. § 15.

15. Ibid.

Wendell A. Miles, U. S. Atty., Grand Rapids, Mich., for plaintiff.

Leendert Albertus Vander Jagt, in pro. per.

STARR, Chief Judge.

This is a proceeding by the government to revoke and set aside the order admitting the defendant to citizenship in the United States of America and to cancel the certificate of naturalization issued to him December 21, 1948. Nationality Act of 1940, § 338(a), 54 Stat. 1158 (formerly 8 U.S.C.A. § 738[a], now 8 U.S.C.A. § 1451[a].

The defendant was born in the Netherlands on May 2, 1904, and entered the United States on October 4, 1923. On October 23, 1923, he was married to Neeltje (Nellie) Eversdyke in Grand Rapids, Michigan, and 13 children were born of their marriage as follows:

Forvina, born August 20, 1924, at Grand Rapids, Michigan; Cora, born September 10, 1925, at Grand Rapids, Michigan; Floris (Floyd), born April 11, 1927, at Spring Lake, Michigan; Ellen, born April 9, 1929, at Spring Lake, Michigan; Leonard, born May 16, 1930, at Spring Lake, Michigan; Marion, born November 4, 1931, at Coopersville, Michigan; Lorraine, born January 16, 1933, at Coopersville, Michigan; Donald, born June 26, 1934, at Coopersville, Michigan; Howard, born May 26, 1936, at Coopersville, Michigan; Elizabeth, born September 16, 1937, at Coopersville, Michigan; Kenneth, born March 10, 1939, at Conklin, Michigan; Nancy, born October 16, 1940, at Conklin, Michigan; and Rodger, born December 27, 1943, at Conklin, Michigan.

On August 14, 1945, the defendant filed his declaration of intention to become a citizen of the United States in

the circuit court of Ottawa county, Michigan, that being a State court of record, and on November 16, 1948, he filed his petition for naturalization in that court. Nationality Act of 1940, §§ 331, 332, 54 Stat. 1153, 1154 (formerly 8 U.S.C.A. §§ 731, 732, now 8 U.S.C.A. § 1445). In connection with his petition for naturalization the defendant stated in substance that he had been arrested in 1946 for violation of the State school law in that he had failed to send certain of his children to school, and that for this offense he paid a fine of $114. He made no other statements, disclosures or admissions in connection with his petition for naturalization which in any way indicated that he was not a person of good moral character. On December 21, 1948, he was admitted to citizenship and was issued a certificate of naturalization.

Section 307(a) of the Nationality Act of 1940, 54 Stat. 1142 (formerly 8 U.S.C.A. § 707[a], now 8 U.S.C.A. § 1427 [a]), provided:

"No person, except as hereinafter provided in this Act, shall be naturalized unless such petitioner, (1) immediately preceding the date of filing petition for naturalization has resided continuously within the United States for at least five years * * *, and (3) *during all the periods referred to in this subsection has been and still is a person of good moral character*, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States."

On June 3, 1949, about five months and a half after his naturalization, and upon complaint of his son, Floris, the defendant was arrested and charged with the rape of his 17-year-old daughter, Marion Vander Jagt. Comp.Laws Mich.1948, § 750.520.[1] He was arraigned in the circuit court of Ottawa county, Michigan, and voluntarily pleaded guilty of said crime, and on June 14, 1949, he was sentenced to life imprisonment in the State prison of southern Michigan at Jackson. He has since been transferred to the Ionia State hospital for the criminally insane within this judicial district, where he is now confined. The defendant's motion for a new trial and his petition for the writ of habeas corpus filed in the circuit court of Ottawa county were both denied.

In the course of a subsequent investigation by officers of the immigration and naturalization service, it was disclosed that during the five-year period immediately preceding his naturalization on December 21, 1948, the defendant had had sexual intercourse with three or more of his teen-age daughters, such acts constituting the crime of incest under Comp.Laws Mich.1948, § 750.333, which provides:

"Incest—Any person who is within the degree of consanguinity with another within which marriages are prohibited or declared by law to be incestuous and void, or the marriage of whom is prohibited by sections 3 and 4 of chapter 83 of the Revised Statutes of 1846, being sections 12692 and 12693 of the Compiled Laws of 1929, and shall marry such other person, or shall commit adultery or fornication with such other person, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 10 years."

Section 338(a) and (e) of the Nationality Act of 1940, 54 Stat. 1158, 1159 (formerly 8 U.S.C.A. § 738[a] and [e], now 8 U.S.C.A. § 1451[a] and [g]), provided:

"(a) It shall be the duty of the United States district attorneys for

---

1. Section 750.520 provides: "Punishment—Any person who shall ravish and carnally know any female of the age of 16 years, or more, by force and against her will, or who shall unlawfully and carnally know and abuse any female under the full age of 16 years, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years."

the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court specified in subsection (a) of section 301 in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground of fraud or on the ground that such order and certificate of naturalization were illegally procured.

"(e) When a person shall be convicted under this Act of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled. Jurisdiction is hereby conferred on the courts having jurisdiction of the trial of such offense to make such adjudication."

A representative of the immigration and naturalization service having made affidavit that defendant's certificate of naturalization was illegally procured, the government began the present action to revoke and set aside the order admitting him to citizenship and to cancel the certificate of naturalization issued to him December 21, 1948, on the ground that his citizenship and certificate of naturalization were fraudulently and illegally procured, in that he was not a person of good moral character during the five-year period immediately preceding his petition for naturalization and at the time of his naturalization. In response to the government's petition the defendant filed a written statement, which will be considered as an answer, in which he contends in effect that he was not guilty of the rape of his daughter Marion as charged in the criminal proceedings in the circuit court of Ottawa county and of which crime he had pleaded guilty.

In his statement or answer he requested an investigation by the immigration and naturalization authorities as to his guilt of that crime.

This action was set for trial on October 21st of this year and defendant was duly notified. Upon his request that he be present in person at the trial, and upon the petition of the United States attorney, the court entered an order for his removal from the State hospital at Ionia to the place of trial. The government presented evidence in support of its petition for the denaturalization of the defendant, and the court expressly granted the defendant the opportunity to cross-examine all government witnesses and also the opportunity to take the stand and testify in his own defense. The defendant made no objection to the admission of the evidence presented by the government and refused to testify. His only statements in the course of the trial were to the effect that the testimony presented by the government was false.

Prior to and in the course of the trial the defendant requested that counsel be appointed to represent him. This request was denied, for the reasons: (1) That the government had submitted information indicating that the defendant owned or had a substantial interest in a 40-acre farm in Ottawa county, Michigan, assessed at $2,000 and that he owned farm tools, stock, and equipment on said farm, all of which were free from mortgage or other encumbrance; and (2) that this proceeding by the government to revoke naturalization is a civil action, United States v. Jerome, D.C., 16 F.R.D. 137, and that the granting of a defendant's request for the appointment of counsel in a civil action is within the discretion of the court.

The court recognizes the rule that where citizenship has been granted, the courts must jealously guard its revocation, and the evidence justifying revocation must be clear, unequivocal, and convincing. Knauer v. United States, 328 U.S. 654, 657, 66 S.Ct. 1304, 90 L.Ed. 1500; Schneiderman v. United States,

320 U.S. 118, 122, 63 S.Ct. 1333, 87 L.Ed. 1796; United States v. Kessler, 3 Cir., 213 F.2d 53, 59; Sweet v. United States, 6 Cir., 211 F.2d 118, 120; United States v. Sherman, D.C., 40 F.Supp. 478. However, it is fundamental that under the Nationality Act of 1940, § 307(a), hereinbefore quoted, to be entitled to citizenship in the United States a person must have been of good moral character during the five years immediately preceding the filing of his petition for naturalization and at the time of the issuance of the certificate of naturalization. In Sweet v. United States, supra, the court quoted with approval from the opinion of the Supreme Court in United States v. Ginsberg, 243 U.S. 472, 475, 37 S.Ct. 422, 61 L.Ed. 853, as follows:

" 'No alien has the slightest right to naturalization unless all statutory requirements are complied with; and every certificate of citizenship must be treated as granted upon condition that the government may challenge it, as provided in § 15, and demand its cancellation unless issued in accordance with such requirements.' " [211 F.2d 120.]

In the present case the government clearly established by competent and substantial evidence that during the period of five years preceding his petition for naturalization the defendant had committed crimes of incest by having had sexual intercourse with three or more of his teen-age daughters. Defendant's son, Floris, gave positive and convincing testimony that during such period of five years his father had committed the crime of incest by having sexual intercourse with several of his teen-age daughters. The sheriff of Ottawa county testified that following the defendant's arrest for the rape of his daughter Marion, the defendant admitted having committed the crime of incest with several of his daughters. At the time of the defendant's conviction of the crime of rape in the circuit court of Ottawa county the circuit judge questioned him at length regarding his commission of the crime, and defendant expressly admitted his guilt and voluntarily entered a plea of guilty. Sometime after his conviction of the crime of rape and while he was confined in the State prison, the defendant was questioned under oath by an officer of the immigration and naturalization service, and he expressly admitted having committed the crimes of rape and incest with his teen-age daughters. The foregoing and other evidence presented by the government clearly establishes that during the five years preceding his petition for naturalization and at the time of his naturalization, the defendant was not a person of good moral character.

The discovery subsequent to his naturalization that defendant was not a person of good moral character during the prescribed five-year period preceding and at the time of his naturalization is just cause for revoking and setting aside the final order admitting him to citizenship and cancellation of the certificate of naturalization issued to him. Brenci v. United States, 1 Cir., 175 F.2d 90; United States v. Ascher, 2 Cir., 147 F.2d 544; United States v. Genovese, D.C., 133 F. Supp. 820; United States v. Corrado, D. C., 121 F.Supp. 75; United States v. Accardo, D.C., 113 F.Supp. 783, affirmed, 3 Cir., 208 F.2d 632; United States v. Cloutier, D.C., 87 F.Supp. 848; United States v. Raverat, D.C., 222 F. 1018.

From observation of the defendant and consideration of the evidence presented by the government, the court makes the following findings of fact: (1) That within the five-year period immediately preceding his petition for naturalization the defendant had committed crimes of incest with his teen-age daughters; (2) that during such period and at the time of his naturalization he was not a person of good moral character; and (3) that the final order admitting him to citizenship and the certificate of naturalization issued to him December 21, 1948, were illegally procured.

The court concludes as a matter of law: (1) That it has jurisdiction of the par-

ties and of the subject matter of this action; (2) that the order admitting defendant to citizenship in the United States of America should be revoked and set aside; and (3) that the certificate of naturalization issued to the defendant December 21, 1948, should be canceled.

Judgment will accordingly be entered revoking and setting aside the final order admitting the defendant to citizenship and canceling the certificate of naturalization issued to him.